**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 3 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

LARRY LECO BEVERLY,

        Defendant-Appellant.

No. 98-1040
(D.C. No. 97-CR-44-D)
(District of Colorado)

---

**ORDER AND JUDGMENT***

---

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.

---

After examining the briefs and the appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered

submitted without oral argument.

The defendant Larry Leco Beverly was convicted after a jury trial of distributing

cocaine and possessing cocaine with the intent to distribute it, a violation of 21 U.S.C. §

---

    *     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court generally
disfavors the citation of orders and judgments; nevertheless, an order and judgment may
be cited under the terms and conditions of 10th Cir. R. 36.3.

841(a)(1) and (b)(1)(B). Mr. Beverly argues for the first time on appeal that his conviction should be vacated because the government presented testimony from an informant to whom it had promised that it would seek a downward departure at sentencing in exchange for his cooperation. Mr. Beverly adds that the government provided the informant with approximately $525 in cash in order to make controlled drug buys. According to Mr. Beverly, the government's offers violated 18 U.S.C. § 201(c)(2).

We recently rejected this argument in United States v. Singleton, No. 97-3178, 1999 WL 6469 (10th Cir. Jan. 8, 1999) (en banc). We there concluded that "section 201(c)(2) was not intended to apply to the United States or its attorneys." Id. at *5. Singleton controls here, and, as a result, we conclude that the government's use of the informant's testimony did not violate 18 U.S.C. § 201(c)(2).

Accordingly, the judgment of the district court is AFFIRMED.

Entered for the Court,

Robert H. Henry
Circuit Judge